# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs December 4, 2002

## L & L TILE v. BRUCE BABB

**Appeal from the Circuit Court for Scott County**
**No. 5371     Conrad E. Troutman, Jr., Judge**

**FILED JANUARY 29, 2003**

**No. E2001-02620-COA-R3-CV**

---

**AND**

## DAVE'S PLUMBING v. BRUCE BABB

**Appeal from the Circuit Court for Scott County**
**No. 5333     Conrad E. Troutman, Jr., Judge**

---

**No. E2001-02621-COA-R3-CV**

---

The suits giving rise to this appeal were initiated in the Circuit Court for Scott County and consolidated for trial below. Both suits are on a sworn account. The Trial Court entered judgment against Bruce Babb and in favor of L & L Tile in the amount of $1500 and Dave's Plumbing in the amount of $1639.50. Whereupon Mr. Babb's counsel filed a Rule 60 motion seeking relief from the judgment on the grounds that neither he nor his client had notice of the date of the hearing. The Court in responding to a Rule 60 motion, contending that neither the Defendant nor his attorney had notice of the date of the hearing, set aside the original judgments and also set September 17, 2001, as the new trial date. Neither Mr. Babb nor his counsel appeared on the date set. The Trial Court reinstated the judgment previously entered. Mr. Babb appeals, arguing that he had no notice regarding the second hearing, notwithstanding that his counsel, as shown by letter received by the Trial Court on the date of trial sought a continuance because he had a conflict which precluded his attendance. We affirm.

**Tenn.R.App.P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed;**
**Causes Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and CHARLES D. SUSANO, JR., JJ., joined.

Timothy P. Webb, Jacksboro, Tennessee, for the Appellant, Bruce Babb

Max E. Huff, Oneida, Tennessee, for the Appellees, L & L Tile and Dave's Plumbing

**OPINION**

The supplemental record, which memorialized the pronouncement of the Trial Court as to the Rule 60 hearing, was filed on April 25, 2002, *nunc pro tunc* for September 4, 2001. It provided the following:

ORDER

This cause came to be heard on the 15th of April. 2002, in Huntsville, before the Honorable Conrad Troutman.

The Court found that an order was necessary to reflect the Court's ruling on September 4, 2001, in Jacksboro.

The Court, after reviewing the record, the argument of the Plaintiffs, and the non-appearance of the Defendant the Court finds as follows:

1. That on September 4, 2001, the Court heard in chambers at Jacksboro, the motion to set aside orders filed by Defendants entered previous granting judgment to the Plaintiffs.

2. That on September 4, 2001, the Court set aside the judgment orders and set the matter for trial on September 17, 2001 in Huntsville upon the agreement of both counsel.

3. That no order was prepared reflecting the events of September 4, 2001.

WHEREFORE, the COURT enters this ORDER ACCORDINGLY to the findings of fact nunc pro tunc to September 4, 2001 and further ORDERS that this order should supplement the Appellate record and be certified and transmitted to the Court of Appeal as the record should be modified and corrected to conform to the truth in this cause.

ENTERED this __25__ day of __April__, 2002.

/s/ ___Conrad Troutman_____

Hon. Conrad Troutman

There is nothing tn the record to impeach the Trial Court's finding that the trial was set for September 17, 2001, in Huntsville "upon the agreement of both counsel."

For the foregoing reasons the judgments of the Trial Court are affirmed and the causes remanded for collection thereof, as well as costs below. Costs of appeal are adjudged against Bruce Babb and his surety.

_____

HOUSTON M. GODDARD, PRESIDING JUDGE